UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-04161-KK-DTBx** | Date: | September 29, 2026 |
|---|---|---|---|
| Title: | ***Gilbert Rasso v. General Motors LLC, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 9]**

## I. <u>INTRODUCTION</u>

On April 29, 2026, plaintiff Gilbert Rasso ("Plaintiff") filed a Complaint against defendant General Motors LLC ("Defendant") and Does 1 through 10 in Riverside County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq., ("Song-Beverly Act") and the Magnuson-Moss Warranty Act, 15 U.S.C § 2301, et seq., ("Magnuson-Moss Act"). ECF Docket No. ("Dkt.") 1-2, Ex. A, Complaint ("Compl."). On July 24, 2026, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. Dkt. 1, Notice of Removal ("NOR"). On August 2, 2026, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 9, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## II. <u>BACKGROUND</u>

As alleged in the operative Complaint, on December 8, 2023, Plaintiff leased a 2024 Chevrolet Silverado HD ("Subject Vehicle"). Compl. ¶ 8. The Lease Agreement reflects an "amount paid/payable by the Plaintiff for the Subject Vehicle" of $89,767.08. <u>Id.</u> Plaintiff received various warranties in connection with the lease, including "a 3-year/36,000 mile express bumper to bumper warranty, a 5-year/100,000 mile powertrain warranty . . . , as well as various emissions

warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain warranties." Id. ¶ 9. "The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty, including, but not limited to, engine, electrical, and emission system defects." Id. ¶ 10. Plaintiff presented the Subject Vehicle "to an authorized . . . repair facility for repair of the nonconformities," but Defendant was unable to address the nonconformities after a reasonable number of repair attempts. Id. ¶¶ 11-13, 26-27.

On April 29, 2026, Plaintiff filed the operative Complaint against Defendant in Riverside County Superior Court, seeking, among other forms of relief, actual damages, a civil penalty in the amount of two times Plaintiff's actual damages, and reasonable attorney's fees. Id. at 9. The Complaint raises the following four causes of action:

1. **Cause of Action One:** Violation of the Song-Beverly Act – Breach of Express Warranty;
2. **Cause of Action Two:** Violation of the Song-Beverly Act – Breach of Implied Warranty;
3. **Cause of Action Three:** Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(b); and
4. **Cause of Action Four:** Violation of the Magnuson-Moss Act.

Id. ¶¶ 19-71.

On June 25, 2026, Defendant was served with the summons and Complaint. Dkt. 1-2, Ex. A at 1. On July 23, 2026, Defendant filed an Answer to the Complaint. Dkt. 1-3, Ex. B, Answer.

On July 24, 2026, Defendant filed a Notice of Removal. NOR. Defendant argues removal is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000. Id. at 2-6.

On August 20, 2026, Plaintiff filed the instant Motion. Mot. Plaintiff argues the matter should be remanded because Defendant has not satisfied the amount in controversy requirement. Id. In support of the Motion, Plaintiff submits the Declaration of Long Cao, Dkt. 9-1.[1]

On September 10, 2026, Defendant filed an Opposition to the Motion. Dkt. 11, Opposition ("Opp."). In support of the Motion, Defendant submits the Declaration of Tammara N. Bokmuller, Dkt. 11-1.

On September 15, 2026, Plaintiff filed a Reply in support of the Motion. Dkt. 12, Reply.

This matter, thus, stands submitted.

---

[1] Plaintiff also requests this Court take judicial notice of "publicly filed federal court orders" addressing the amount in controversy requirement in removed Song-Beverly Act actions. Dkt. 9-12. Because the Court does not and need not rely upon such orders, Plaintiff's request is **DENIED**.

## III.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

## IV.
## DEFENDANT HAS MET ITS BURDEN FOR SASTISFYING THE AMOUNT IN CONTROVERY REQUIREMENT

### A. APPLICABLE LAW

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Jauregui, 28 F.4th at 992 (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 88). Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (citation and internal quotation marks omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018). However, the amount of controversy is reduced if "a rule of law or measure of damages limits the amount of damages recoverable." Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983).

Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the

nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C); see also Schneider v. Ford Motor Co., 756 F. App'x 699, 701 n.3 (9th Cir. 2018) ("Consideration of the Use Offset [is] appropriate."). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C). In addition to restitution, the buyer may recover a civil penalty up to two times the amount of actual damages if the statutory violations were willful. Id. § 1794(c).

## B. ANALYSIS

Here, the Court finds Defendant has established the amount in controversy exceeds $75,000.[2]

As in initial matter, Plaintiff does not contest Defendant's actual damages estimate of $61,232.08.[3] See Mot. Hence, because Defendant has established actual damages by a preponderance of the evidence, the amount of the civil penalty is likewise non-speculative. See, e.g., Ghebrendrias v. FCA US LLC, No. CV 21-06492-VAP-PDx, 2021 WL 5003352, at *2 (C.D. Cal. Oct. 28, 2021) (computing the civil penalty based on actual damages). Additionally, the Complaint repeatedly alleges willfulness and states Plaintiff is entitled to a civil penalty of up to two times Plaintiff's actual damages." Compl. ¶¶ 33, 60. Given these allegations, Defendant is not "required to put forth evidence of its own willfulness to oppose a motion to remand." De Vidal v. Ford Motor Co., No. CV 21-07115-FLA-JPRx, 2022 WL 17093070, at *4 (C.D. Cal. Nov. 21, 2022); see also Brooks v. Ford Motor Co., No. CV 20-302-DSF-KKx, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act . . . .). Defendant has, thus, sufficiently established Plaintiff has placed the maximum amount of the civil penalty in controversy, "whatever the likelihood that [he] will actually recover" that amount. Chavez, 888 F.3d at 417; see also Amavizca v. Nissan N. Am., Inc., No. EDCV 22-02256-JAK-KKx, 2023 WL 3020489, at *8 (C.D. Cal. Apr. 19, 2023) ("[Defendant] need not prove that Plaintiff[] [is] more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that Plaintiff[] ha[s] placed this amount in controversy."); Guaschino v. Hyundai Motor Am., No. CV 23-04354-MWF-JPRx, 2023 WL 5165548, at *5 (C.D. Cal. Aug. 10, 2023) (explaining Defendant must only "prov[e] by a preponderance of the evidence the amount in controversy, not the precise amount for which Defendant will inevitably be liable"). The Court, therefore, finds a civil penalty of twice the actual damages in the amount of $122,464.16 sufficiently established.[4]

---

[2] Plaintiff does not dispute there is complete diversity in the citizenship of the parties.

[3] Defendant calculates this amount based upon Plaintiff's alleged purchase/lease price of $89,767.08 for the Subject Vehicle, an estimated $18,535.00 in statutorily required deduction for mileage offset, and a conservative assumption of third-party contracts, manufacturer's rebate, and negative equity of $10,000.00. NOR at 5.

[4] While the Court recognizes a split on this issue, the Court is persuaded by the view civil penalties should be included in the amount in controversy when a plaintiff explicitly seeks such penalties and alleges "willfulness" in the operative complaint. As set forth above, to require otherwise would require a defendant to "put forth evidence of its own willfulness to oppose a motion to remand." De Vidal, 2022 WL 17093070, at *4.

Thus, combining actual damages and the civil penalty, Defendant has established an amount in controversy of $183,696.24, well above the $75,000 threshold for diversity jurisdiction.[5] Accordingly, Defendant has met its burden for satisfying the amount in controversy requirement.

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendant has met its burden for satisfying the amount in controversy requirement. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

[5] Plaintiff also seeks attorney's fees. Compl. at 9; see also Cal. Civ. Code § 1794(d) (allowing recovery of reasonable attorney's fees). The Court need not consider this issue because Defendant has already satisfied the amount in controversy requirement from the estimated actual damages and civil penalty at stake. See, e.g., Lee v. FCA US, LLC, No. CV 16-5190-PSG-MRWx, 2016 WL 11516754 (C.D. Cal. Nov. 7, 2016).